**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| IMO THE ESTATE OF | ) | |
| LAMONT WOODS | ) | C.A. No. 2022-0010-SEM |

**ORDER**

WHEREAS, on January 4, 2022, Crystal Vaughn (the "Petitioner") filed a petition for the removal of Latisha Copes (the "Respondent," together, the "Parties") as co-personal representative of the estate of Lamont Woods (the "Estate");[1] Lamont Woods (the "Decedent") passed on April 23, 2021, without a will;[2] on June 28, 2021, the Register of Wills appointed the Parties (who are the Decedent's daughters) as co-personal representatives;[3]

WHEREAS, through this action, the Petitioner avers that the Respondent (1) sold and misappropriated an estate asset (an RV); and (2) distributed certain proceeds from that sale, while retaining some proceeds for herself, without authority;[4] the Petitioner contends the Respondent acted without permission, notice, or consent from the Estate, the Petitioner, or the Register of Wills and, as such,

---

[1] Docket Item ("D.I.") 1.

[2] D.I. 1 ¶¶ 6–7.

[3] *In re the Est. of Lamont Woods*, 177869 JC, D.I. 1. "Because the Register of Wills is a Clerk of the Court of Chancery, filings with the Register of Wills are subject to judicial notice." *Arot v. Lardani*, 2018 WL 5430297, at *1 n.6 (Del. Ch. Oct. 29, 2018) (citing 12 *Del. C.* § 2501; Del. R. Evid. 202(d)(1)(C)).

[4] D.I. 1 ¶ 1.

1

breached her fiduciary duties to the Estate and its beneficiaries;[5] the Petitioner seeks (1) the removal of the Respondent as co-personal representative; (2) a constructive trust against all of the Estate's assets held by the Respondent; (3) damages for conversion of the Estate's assets; and (4) a full, accurate, and complete accounting of the Respondent's use of the Decedent's property;[6]

WHEREAS, the Respondent answered the petition on February 9, 2022;[7] through her answer, the Respondent admits that she sold the contested property (an RV, which she concedes was titled in the Decedent's name at the time of his passing), but denies that the sale was improper or supports a claim that she breached her fiduciary duties to the Estate;[8]

WHEREAS, on March 29, 2023, the Respondent filed a purported counterclaim against the Petitioner (the "Counterclaim");[9] therein, the Respondent requested reimbursement for: (1) attorneys' fees; (2) co-executor service fees; (3)

---

[5] D.I. 1.

[6] *Id.*

[7] D.I. 8. The Respondent's answer was filed after the Petitioner moved for judgment by default. D.I. 6. That motion was scheduled to be heard, but the hearing was continued at the Parties' request while they attempted to settle their dispute. D.I. 10–13. The Parties were unable to reach full resolution and, at a November 11, 2022 scheduling conference, I permitted the Respondent's counsel to withdraw, and I set forth deadlines for next steps. D.I. 23. Thereafter, I resolved discovery disputes. *See* D.I. 31. *See also* D.I. 60 (declining to shift fees in connection with the discovery dispute).

[8] D.I. 8 ¶¶ 10–20.

[9] D.I. 36–38.

money she gave to certain individuals; (4) storage, towing, and mechanic service fees; (5) overpayment of supplemental security income benefits; (6) court fees; (7) pain and suffering; and (8) her share of the Estate;[10]

WHEREAS, on March 8, 2023, the Petitioner filed a motion for partial summary judgment (the "Motion for Summary Judgment"), through which the Petitioner seeks removal of the Respondent as co-personal representative of the Estate;[11] on April 26, 2023, the Petitioner filed a motion to dismiss the Counterclaim or for a motion for a more definite statement (the "Motion to Dismiss," with the Motion for Summary Judgment, the "Motions");[12]

WHEREAS, the Motions sat dormant for some time; on May 18, 2023, I wrote to the parties and set deadlines for responses and replies on the Motions: May 31, 2023 for any response by the Respondent and any reply(ies) by the Petitioner were due within 14 days of any response(s);[13] I further scheduled the Motions to be heard on June 21, 2023;[14]

---

[10] D.I. 36.

[11] D.I. 32.

[12] D.I. 40.

[13] D.I. 42.

[14] *Id.*

WHEREAS, argument on the Motions was continued;[15] the Motions were ultimately heard on August 1, 2023, at which time I gave the Respondent two weeks (until August 15, 2023) to file a motion to amend her counterclaim, and I took the Motion for Summary Judgment under advisement;[16]

WHEREAS, to date, the Respondent has not filed a motion to amend her counterclaim; rather, the Respondent, on August 18, 2023, filed a response to the Motion to Dismiss;[17]

WHEREAS, "[t]he Court's rules apply to all parties, whether or not represented by counsel. Although the Court may be willing to overlook certain technical aspects of its rules when dealing with self-represented litigants, such as the format of briefs or how filings are presented, it cannot overlook a party's failure to comply with deadlines, whether those deadlines are contained in the rules or explicitly ordered by the Court. To do otherwise would invite chaos, and would significantly impair the efficient administration of cases[;]"[18]

WHEREAS, under Court of Chancery Rule 56, summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the

---

[15] D.I. 45.

[16] *See* D.I. 51, 60.

[17] D.I. 54.

[18] *Aequitas Sols., Inc. v. Anderson*, 2012 WL 5304155, at *7 (Del. Ch. Oct. 25, 2012).

moving party is entitled to a judgment as a matter of law[;]"[19]  "[i]n deciding a motion for summary judgment, the facts must be viewed in the light most favorable to the nonmoving party and the moving party has the burden of demonstrating that there is no material question of fact[;]"[20] "[a]lthough summary judgment is encouraged when possible, there is no absolute right to summary judgment[;]"[21]

WHEREAS, the breach of fiduciary duty claim underlying the Petitioner's request to remove the Respondent as co-personal representative imposes upon the Petitioner the burden of proving, by a preponderance of the evidence, "(i) that a fiduciary duty exists; and (ii) that a fiduciary breached that duty[;]"[22]

**IT IS HEREBY ORDERED**, this 26th day of October, 2023, as follows:

1.    The Motion to Dismiss is GRANTED.  The Motion to Dismiss has been pending since March 8, 2023.  Through my May 18, 2023 letter, I directed the Respondent to respond by May 31, 2023.  She failed to do so.  At the August 1, 2023 hearing, I provided the Respondent one final chance to save the Counterclaim—by filing a motion to amend by August 15, 2023.  The Respondent did not file exceptions to my order, nor did she file the motion to amend as directed. Rather she

---

[19] Ct. Ch. R. 56(c).

[20] *Senior Tour Players 207 Mgmt. Co. LLC v. Golftown 207 Hldg. Co., LLC*, 853 A.2d 124, 126 (Del. Ch. 2004).

[21] *AeroGlobal Cap. Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 443 (Del. 2005).

[22] *Heller v. Kiernan*, 2002 WL 385545, at *3 (Del. Ch.), *aff'd*, 806 A.2d 164 (Del. 2002).

filed a belated written response to the Motion to Dismiss. That response is STRICKEN, and the Counterclaim is hereby DISMISSED, without prejudice.

2.      The Motion for Summary Judgment is DENIED.  There remains a genuine dispute as to ownership of the RV, which is material to whether the Respondent's sale and distribution/retention of the sale proceeds was in breach of the fiduciary duties she owes to the Estate and rises to the level supporting her removal as co-personal representative.

3.      The Parties shall contact my chambers for a trial date and once confirmed, submit a proposed schedule for my consideration.

4.      This is a final report under Court of Chancery Rule 143 and exceptions under Court of Chancery Rule 144 are stayed until a final order is issued on the merits of the remaining claims.

**IT IS SO ORDERED.**

/s/ Selena E. Molina
Magistrate Selena E. Molina